UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DORIAN LEBEAU | * | CIVIL ACTION NO. 07-5787 |
| | * | |
| VERSUS | * | SECTION "N" |
| | * | |
| UNITED STATES OF AMERICA | * | MAGISTRATE (2) |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# **ORDER AND REASONS**

Before the Court is the **Motion to Dismiss, or in the alternative, for Summary Judgment (Rec. Doc. 20)** by Defendant United States of America. The motion is opposed. After considering the parties' memoranda, the Complaint, and the applicable law, the Court pretermits the Motion to Dismiss and **GRANTS** the Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Dorian Lebeau, a resident of Ohio, has brought a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*., claiming that he was injured as a result of the negligence of physicians at the Veterans Administration Hospital and Rehabilitation Center in New Orleans, Louisiana. Lebeau was admitted to that facility on September 21, 2004, to undergo a laparoscopic Nissen fundoplication to treat gastroesophageal reflux disease. During the surgery, an artery was lacerated, causing bleeding. Doctors attempted

1

to repair the artery but were unsuccessful and converted the surgery to an open laparotomy. That surgery also failed and Lebeau eventually was required to undergo a second surgery to repair his gastroesophogeal condition. Lebeau claims that he sustained damage to his liver, has extensive scarring, and suffers from neuropathy, all as a result of the negligent surgical procedures.

Lebeau filed an administrative claim with the Department of Veterans Affairs, which was denied. He filed the instant suit on September 21, 2007, claiming negligent surgical procedures and negligent supervision and training of the surgeon performing the surgery, Dr. Michael Diaz. The instant motion was filed on December 31, 2008. In its motion, the United States argued that Lebeau never filed an expert report, and as such that there was no evidence that the surgical procedure was in any way negligent. After the United States filed the instant motion, but before Lebeau filed his opposition–and in any event, well after the October 8, 2008, deadline for disclosing Plaintiff's expert reports–Lebeau disclosed the report of Dr. Louis Silverman, who examined the medical records and drew conclusions about whether the surgery met the applicable standard of care. The United States has reiterated in its reply that Silverman's report is not properly before the Court on this motion and that there is no evidence of negligence, and has separately moved to exclude Dr. Silverman's testimony as untimely disclosed. *See* Motion in Limine (Rec. Doc. 24).

The Court, while sympathetic to Defendant's frustration at the untimely disclosure of the expert report, is unwilling to dismiss a case solely because an attorney failed to timely file a report that might be essential to proving a litigant's medical malpractice claim. *See Hemilngway v. Ochsner Clinic*, 722 F.2d 1220, 1224-25 (5th Cir. 1984) (noting that in a medical malpractice case, expert testimony is required under Louisiana law to establish the applicable

standard of care and breach of that standard) (citing *Steinbach v. Barfield*, 428 So.2d 915, 919 (La. App. 1983), *writ denied*, 435 So.2d 431 (1983)). For purposes of this action, the Court will thus accept the expert report and consider it in deciding the instant motion. Having pierced the pleadings to consider matters produced in discovery, the Court will consider the instant motion under the Rule 56(c) standard.

## II. ANALYSIS

**A.** *Standard for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S.

at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather,

4

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Negligence and the Standard of Care**

Under Louisiana law, a plaintiff claiming medical malpractice bears the burden of proving: (1) the applicable standard of care, that is, the degree and knowledge which must be possessed by a healthcare provider in the field in question; (2) a breach of that standard; and (3) that the breach of that standard was a cause of the injuries. LA. REV. STAT. ANN. §§ 9:2794 (a)(1)(2)(3); *see also Martin v. East Jefferson Gen'l Hosp.*, 582 So.2d 1272, 1276 (La. 1971); *Bolten v. Louisiana St. U. Med. Center*, 601 So.2d 677, 681 (La. App. 1992); *Bryant v. St. Paul Fire and Marine Ins. Co.*, 382 So.2d 234, 238 (La. App. 1980).

In the instant case, Dr. Silverman's report is the only evidence offered to show the standard of care and breach of that standard. The report notes that failure of the Nissen fundoplication and injury to an artery "does not indicate substandard care." Opp. at Ex B (Silverman report, p. 3). Conversion of the surgery to an open laparotomy "was appropriate." *Id.* Failure of the vascular repair, the report notes, "is not below standard." *Id.* The report notes that prolongation of the surgery to 10 hours "does raise concern." *Id.* Finally, the report notes that if a surgeon in training such as Dr. Diaz was not closely supervised by an experienced surgeon, that lack of supervision would fall below the standard of care, but that absent such a lack of supervision, the surgery otherwise met the standard of care. *Id.* (pp.3-4). The report does note that the medical records indicate that a supervising surgeon was scrubbed and standing nearby, *id.*, but calls this statement "pro forma," *id.* (p. 4). The report also notes that the facility in which

5

the surgery occurred is a teaching hospital where surgery is frequently performed by surgeons in training, and that Lebeau consented to being treated by a surgeon in training. *Id.* (p. 3).

In his Complaint, Lebeau raises a claim for negligent supervision. Taking as true for purposes of this motion that a supervising surgeon was not present during the surgery, and that this absence was a breach of the applicable standard of care, the Court nonetheless concludes that a reasonable trier of fact could not find that this breach of the standard of care caused Lebeau's injury. Lebeau claims two instances of negligence–the original laceration of the artery and the failure of the Nissen fundoplication–but his own expert report concludes that these do not fall below the applicable standard of care. Nor does Dr. Silverman conclude that any of the remedial measures taken in response to the laceration and the failure of the Nissen fundoplication–such as the conversion of the surgery to an open laparotomy, the attempted repair of the artery, or the subsequent surgery to repair his underlying condition–breached the standard of care. To accept Lebeau's contention, the factfinder would have to conclude that the hospital's negligent failure to supervise Dr. Diaz caused Plaintiff's injuries, even though the allegedly unsupervised surgery was itself non-negligent. The Court finds that no reasonable factfinder could reach such a conclusion.[1]

---

[1] Dr. Silverman's contention that the 10-hour long surgery "does cause concern," Opp. at Ex. B (Silverman report, p. 3), is not sufficient to create a genuine material fact issue, since there is no indication from the report that surgery of this length falls below the standard of care, nor any credible argument that surgery of this length caused the injuries complained of. Vague assertions of concern are not the same as establishing a standard of care and breach of that standard. The assertion of "concern" about the length of the surgery is in contrast to Dr. Silverman's later, and much more concrete, assertion that if a supervising surgeon was not present, "it may well be that the care Mr. Lebeau received was sufficiently substandard as to reach the level of malpractice." *Id.* (p. 4).

## III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's **Motion to Dismiss, or in the alternative, for Summary Judgment (Rec. Doc. 20)** is hereby **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of January 2009.

_____
KURT D. ENGELHARDT
United States District Judge